**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

HARBOR SIDE GRILL, LLC, *et al*.,          *

    *Plaintiffs*,                                    *

v.                                                        *        Case No.: 1:26-CV-00714-RDB

CITY OF ANNAPOLIS, *et al.*,                 *

    *Defendants*.                                  *

*        *        *        *        *        *        *        *        *        *        *        *        *

**DEFENDANT'S ANSWER**

Defendant, the City of Annapolis ("City"), by and through undersigned counsel, and pursuant to Federal Rules of Civil Procedure 7(a) and 8, answers the Complaint as follows:

**FIRST DEFENSE**

Defendant generally denies any and all claims of liability and for damages asserted in Plaintiffs' Complaint.

**SECOND DEFENSE**

Defendant asserts governmental immunity, qualified immunity, and/or statutory immunity to the extent made applicable by law.

**THIRD DEFENSE**

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

**FOURTH DEFENSE**

Plaintiffs cannot establish a claim for violation of the Takings Clause of the Federal Constitution.

**FIFTH DEFENSE**

Plaintiffs cannot establish a claim for private nuisance.

## SIXTH DEFENSE

Defendant further states that, in terms of the responses to Plaintiffs' specific allegations, any and all allegations not affirmatively admitting herein are denied.

## SPECIFIC ALLEGATIONS

In response to the specific allegations of the numbered paragraphs of Plaintiffs' Complaint, Defendant answers as follows:

## INTRODUCTION

1.      The allegations in Paragraph 1 contain a legal conclusion and no response is required. To the extent a response is necessary, Defendant denies the allegations in Paragraph 1.

## THE PARTIES

2.      The allegations in Paragraph 2 contain a legal conclusion and no response is required. To the extent a response is necessary, Defendant admits the allegations in Paragraph 2.

3.      The allegations in Paragraph 3 contain a legal conclusion and no response is required. To the extent a response is necessary, Defendant admits the allegations in Paragraph 3.

4.      The allegations in Paragraph 4 contain a legal conclusion and no response is required. To the extent a response is necessary, Defendant admits the allegations in Paragraph 4.

5.      The allegations in Paragraph 5 contain a legal conclusion and no response is required. To the extent a response is necessary, Defendant admits the allegations in Paragraph 5.

6.      Defendant lacks sufficient information to admit or deny the averment that Defendant The Whiting Turner Contracting Company has a principal place of business located in Baltimore County, Maryland. To the extent a response is necessary, Defendant admits the remainder of this allegation.

## JURISDICTION AND VENUE

7.        The allegations in Paragraph 7 contain a legal conclusion and no response is required. To the extent a response is necessary, Defendant denies the allegations in Paragraph 7.

8.        The allegations in Paragraph 8 contain a legal conclusion and no response is required. To the extent a response is necessary, Defendant admits the allegations in Paragraph 8.

9.        The allegations in Paragraph 9 contain a legal conclusion and no response is required. To the extent a response is necessary, Defendant admits the allegations in Paragraph 9.

10.       Defendant denies the allegations contained in Paragraph 10.

11.       The allegations in Paragraph 11 contain a legal conclusion and no response is required. To the extent a response is necessary, Defendant denied the allegations in Paragraph 11.

## FACTS COMMON TO ALL COUNTS

12.       Defendant admits that Latitude 38 is located at 12 Dock Street, Annapolis, Maryland 21401. Defendant lacks sufficient information to admit or deny the remainder of the allegations contained in Paragraph 12 at this time. To the extent a response is necessary, Defendant denies the allegations in Paragraph 12.

13.       Defendant admits the allegations in Paragraph 13.

14.       Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 14 at this time. To the extent a response is necessary, Defendant denies the allegations in Paragraph 14.

15.       Defendant admits that, during construction, Whiting Turner constructed a fence around the construction area. Defendant lacks sufficient information to admit or deny the

remainder of the allegations contained in Paragraph 15 at this time. To the extent a response is necessary, Defendant denies the remainder of the allegations in Paragraph 15.

16.     Defendant admits that, during construction, Whiting Turner constructed a fence that abutted the sidewalk in front of Latitude 38 and around the construction area. Defendant lacks sufficient information to admit or deny the remainder of the allegations contained in Paragraph 16 at this time. To the extent a response is necessary, Defendant denies the remainder of the allegations in Paragraph 16.

17.     Defendant admits that construction of the fence prevents public vehicles from pulling close to the entrance of Latitude 38, that the fence encompasses the entirety of the construction site, and that Plaintiffs receive deliveries at the rear of Latitude 38. Defendant denies the remainder of the allegations in Paragraph 17.

18.     Defendant denies the allegations in Paragraph 18.

19.     Defendant denies that the construction of the fence invades Plaintiffs' property and that it has had an immediate and substantial impact on Plaintiffs' use of the Restaurant. Defendant lacks sufficient information to admit or deny the remainder of the allegations contained in Paragraph 19 at this time. To the extent a response is necessary, Defendant denies the allegations in Paragraph 19.

20.     Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 20 at this time. To the extent a response is necessary, Defendant denies the allegations in Paragraph 20.

21.     Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 21 at this time. To the extent a response is necessary, Defendant denies the allegations in Paragraph 21.

4

22.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 22 at this time. To the extent a response is necessary, Defendant denies the allegations in Paragraph 22.

23.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 23 at this time. To the extent a response is necessary, Defendant denies the allegations in Paragraph 23.

24.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 24 at this time. To the extent a response is necessary, Defendant denies the allegations in Paragraph 24.

25.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 25 at this time. To the extent a response is necessary, Defendant denies the allegations in Paragraph 25.

26.    Defendant lacks sufficient information to admit or deny the allegations related to the reason behind Plaintiffs' retention of Brian Mills, Mechanical Engineer for CED Technologies, Inc. at this time. Defendant admits that a copy of Mr. Mills' report is attached to the Complaint.

27.    Defendant admits that the allegations contained in Paragraph 27 are taken directly from Mr. Mills' report, but denies the remainder of the allegations in Paragraph 27.

28.    Defendant admits that the allegations contained in Paragraph 28 are taken directly from Mr. Mills' report, but denies the remainder of the allegations in Paragraph 28.

29.    Defendant admits that the allegations contained in Paragraph 29 are taken directly from Mr. Mills' report, but denies the remainder of the allegations in Paragraph 29.

30.    Defendant admits that the allegations contained in Paragraph 30 are taken directly from Mr. Mills' report, but denies the remainder of the allegations in Paragraph 30.

31.     The allegations in Paragraph 31 contain a legal conclusion and no response is required. To the extent a response is necessary, Defendant denies the allegations in Paragraph 31.

## COUNT I – 42 U.S.C. § 1983
## VIOLATION OF THE TAKINGS CLAUSE OF THE FEDERAL CONSTITUTION

32.     Defendant hereby incorporates by reference its responses to the allegations contained in preceding paragraphs 1 through 31 above.

33.     The allegations in Paragraph 33 contain a legal conclusion and no response is required. To the extent a response is necessary, Defendant denies the allegation.

34.     The allegations in Paragraph 34 contain a legal conclusion and no response is required. To the extent a response is necessary, Defendant denies the allegation.

35.     Defendant denies the allegations in Paragraph 35.

36.     Defendant denies the allegations in Paragraph 36.

37.     Defendant denies the allegation in Paragraph 37.

## COUNT II – PRIVATE NUISANCE

38.     Defendant hereby incorporates by reference its responses to the allegations contained in preceding paragraphs 1 through 37 above.

39.     The allegations in Paragraph 39 contain a legal conclusion and no response is required. To the extent a response is necessary, Defendant denies the allegation.

40.     Defendant denies the allegations in Paragraph 40.

41.     Defendant denies the infringement allegation in Paragraph 41. Defendant lacks sufficient information to admit or deny the remainder of the allegations contained in Paragraph 41 at this time. To the extent a response is necessary, Defendant denies the allegations in Paragraph 41.

42.     Defendant denies the allegation in Paragraph 42.

43.     The allegations in Paragraph 43 contain a legal conclusion and no response is required. To the extent a response is necessary, Defendant denies the allegations in Paragraph 43.

44.     Defendant denies the allegations in Paragraph 44.

## Prayer for Relief

WHEREFORE, Defendant City of Annapolis, having answered Plaintiffs' Complaint, requests that this Court:

1. Deny Plaintiffs' request for a declaration pursuant to 28 U.S.C.A. § 2201 that all actions in pursuit of a taking and inverse condemnation in respect of Plaintiffs' property are in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution;

2. Deny Plaintiffs' request for just compensation and damages related to Plaintiffs' claims under the Fifth and Fourteenth Amendments to the U.S. Constitution;

3. Deny Plaintiffs' request for a declaration pursuant to 28 U.S.C.A. § 2201 that all actions in pursuit of a taking and inverse condemnation in respect of Plaintiffs' property are null and void and of no force and effect;

4. Deny Plaintiffs' request for just compensation, compensatory damages, consequential damages, punitive damages, incidental damages, interest, costs of suit, and counsel fees;

5. Deny all other relief requested by Plaintiffs;

6. Dismiss Plaintiffs' Complaint with prejudice and enter judgment in favor of Defendant;

7. Award Defendant costs and reasonable attorneys' fees; and

8. Award such other relief as the Court deems appropriate.

Respectfully submitted,


**CITY OF ANNAPOLIS**
**OFFICE OF LAW**


 */s/  Kerry E. Berger*              __
Kerry E. Berger, Acting City Attorney
#19979

*/s/  Jessica D. Corace*              __
Jessica D. Corace, Assistant City Attorney
#29828

160 Duke of Gloucester Street
Annapolis, Maryland 21401
(410) 263-7954, (410) 268-3916 Fax
keberger@annapolis.gov
jdcorace@annapolis.gov
***Attorneys for Defendant City of Annapolis***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 13, 2026, a copy of the foregoing Answer was served electronically via e-filing through CM/ECF system to the following persons:

Charles L. Simmons, Jr.
C. Andrew Barnes
Whiteford Taylor & Preston, LLP
Seven Saint Paul Street, 15th Floor
Baltimore, MD 21202
***Attorneys for Plaintiffs***

Thomas C. Valkenet, Esq.
Young & Valkenet
600 Wyndhurst Avenue, Suite 230
Baltimore, Maryland 21210
***Attorney for Co-Defendant The Whiting-Turner Contracting Company***

*/s/  Jessica D. Corace*
Jessica D. Corace, Assistant City Attorney