IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

HARBOR SIDE GRILL, LLC, et. al.,

    Plaintiffs,

v.

THE CITY OF ANNAPOLIS, et. al.,

    Defendants

Civil No.: 1:26-cv-00714-RDB

## **ANSWER**

The Whiting-Turner Contracting Company ("Whiting-Turner), by and through its undersigned counsel, answers the Complaint, and says:

1. Paragraph 1 of the Complaint is a summary in the nature of argument that requires no response.

2. Paragraphs 2-4 are jurisdictional statement pertaining to the Plaintiffs that require no response.

3. Paragraph 5 is a jurisdictional statement pertaining to the Co-Defendant that requires no response.

4. The jurisdictional statement of paragraph 6 is admitted.

5. Paragraphs 7-11 are jurisdictional statements that requires no response.

6. Referring to paragraph 12, Defendant cannot admit or deny the self-serving allegations of paragraph 12 concerning food quality, service and relative success.

7. The allegations of Paragraph 13 are overly general to permit a simple admission or denial. Defendant admits that it has a contract to perform construction activities on behalf of the City of Annapolis.

8. Paragraph 14 makes characterizations of a photograph that was not transmitted to the Defendant in a manner that makes it easily cognizable—it is both fuzzy and black-and white. Defendant thus cannot admit or deny the allegations associated with the photograph.

9. Referring to Paragraph 15, Defendant admits that it erected a construction fence. The remaining allegations that characterize the construction fence are too general to permit admission or denial. The photograph below the paragraph is fuzzy and black-and-white, and does not appear to reflect the alleged conditions.

10. Defendant admits the actual allegations of Paragraph 16. The photograph below is fuzzy and black-and-white, and cannot be easily related to the stated allegations.

11. Paragraphs 17-20 are denied. Further, the photographs embedded below them are fuzzy and black-and-white and cannot be easily related to the allegations.

12. Referring to Paragraph 21, Defendant cannot admit or deny the allegation.

13. Defendant denies the allegations of Paragraphs 22-25.

14. Referring to Paragraph 26, Defendant cannot admit or deny the allegations.

15. Referring to Paragraphs 27-30, Defendant cannot admit or deny the summary allegations of hearsay statements contained in the third-party report. The images are fuzzy and black-and-white and cannot be reconciled to the allegations. If the allegations are to be considered emanating from the Plaintiff, they are denied.

16. The allegations of Paragraph 31 are denied.

17. Count I is directed at the Co-Defendant and requires no response. In response to incorporating Paragraph 32, all prior responses are incorporated by reference.

18. In response to incorporating Paragraph 38, all prior responses are incorporated by reference.

19. Referring to Paragraph 39, Defendant denies that the two owner Plaintiffs have interest sufficient to sustain a cause of action. The Defendant does not have information sufficient upon which to discern the supposed interest of the described tenant entity.

20. Paragraphs 40-44 are denied.

21. Referring to the *ad damnum* provisions, Defendant denies that any Plaintiff is entitled to relief.

<u>First Affirmative Defense</u>

The Complaint fails to state claims on which relief may be granted against this Defendant.

<u>Second Affirmative Defense</u>

The Complaint fails to state claims against this Defendant for punitive damages and attorney's fees.

<u>Third Affirmative Defense</u>

The Plaintiffs have not suffered damages as alleged, in the manner alleged.

<u>Fourth Affirmative Defense</u>

The Plaintiffs, through both active and passive participation in years of project study and approvals, have consented to the actions now sued upon.

<u>Fifth Affirmative Defense</u>

The Plaintiffs claims against this Defendant are barred by necessity.

<u>Sixth Affirmative Defense</u>

Having located their business along the Annapolis waterfront, known for recurring and increasing period of inundation, the Plaintiffs have "come to the nuisance," and are thus barred from recovery.

/s/Thomas C. Valkenet
Thomas C. Valkenet (Bar No.03968)
Young & Valkenet
600 Wyndhurst Avenue, Suite 230
Baltimore, Maryland 21210
Phone: (410) 364-4543
Fax: (410) 323-0977
tcv@youngandvalkenet.com

Attorney for The Whiting-Turner
Contracting Company

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on March 13, 2026, a copy of the foregoing Entry of

Appearance was filed electronically through the ECF/PACER system, and was thus served via the

Court's transmission facilities to all persons having filed an appearance in this matter. There are no

persons entitled to service by regular mail.

/s/Thomas C. Valkenet (Bar No.03968)

4